**Michael McCLAIN, joined by next friend, Nellie McClain, Plaintiffs-Appellants,**

**v.**

**LAFAYETTE COUNTY BOARD OF EDUCATION, et al., Defendants-Appellees.**

**No. 81–4030.**

United States Court of Appeals, Fifth Circuit.

Oct. 1, 1982.

443.

Willie L. Rose, North MS Rural Legal Services, Lexington, Miss., Catherine V. Kilgore, Oxford, Miss., for plaintiffs-appellants.

F. Edwin Perry, Oxford, Miss., for defendants-appellees.

## ON SUGGESTION FOR REHEARING EN BANC

Before COLEMAN, POLITZ and GARWOOD, Circuit Judges.

PER CURIAM:

The petition for rehearing questions whether Michael McClain received procedural due process. As the petition points out, there is some basis in the record for the contention that the notice of the hearing did not adequately advise him and his mother of the issues to be considered at the school board hearing, particularly of the contention that his carrying of the knife to school was deliberate and not, as he contends, inadvertent. On the other hand, there is also some basis in the record for concluding that the McClains had received notice of their right to be heard and of the issues, and were uninformed only of the existence of the tape recordings. In any event, our opinion does not imply that, in this and other regards, the student was fully accorded his procedural rights and we commend to the school board a revision of the methods of giving notice of such hearings and of informing accused students of their rights so that students and their parents can be properly informed and the fact of adequate notice can be readily ascertained.

Nonetheless, we are unable to find substantial prejudice as a result of the school board's actions. As we set forth in our original opinion, "There has never been any doubt of McClain's guilt in carrying this deadly weapon to school." 5th Cir., 673 F.2d 106, 110. The school board changed McClain's indefinite suspension to suspension for one year. That time has elapsed, and Michael McClain has been given the chance to return to school. More important, we are satisfied that the substantive evidence against him was so overwhelming that the school board would again impose the same penalty and a second hearing would accomplish no amelioration. Therefore, treating the suggestion for rehearing en banc as a petition for panel rehearing, it is ordered that the petition for panel

rehearing is DENIED. No member of the panel nor Judge in regular active service of this Court having requested that the Court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 16), the suggestion for Rehearing En Banc is DENIED.